UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOLVIN WALDEMAR MUNOZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> PATRICIA HYDE, *et al.*, <br><br> Respondents. | No. 25-cv-11394-GAO |

**RESPONDENTS' OPPOSITION TO**
**PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1)**

The Court should deny Petitioner Nolvin Waldemar Munoz-Gonzalez's Petition for a Writ of Habeas Corpus. Doc. No. 1. Petitioner requests immediate release from immigration detention. *Id*. at 1, 3. But this Court lacks jurisdiction to review U.S. Immigration and Customs Enforcement's ("ICE") decision to initiate removal proceedings against Petitioner, 8 U.S.C. § 1252(g), as well as ICE's decisions to arrest and detain Petitioner pending his removal proceedings, 8 U.S.C. § 1226(e). Instead, Petitioner can seek release before an immigration judge ("IJ") through a bond hearing scheduled for less than a week from now, on May 29, 2025.

**I.    BACKGROUND**

Petitioner is a Guatemalan national. Petition for Writ of Habeas Corpus (May 16, 2025), Doc. No. 1, ¶ 1 ("Pet."). Petitioner alleges that he has "a pending Special Immigrant Juvenile visa petition." *Id*.

On or around March 18, 2021, United States Customs and Border Protection encountered Petitioner near El Paso, Texas. Ex. 1, Chan. Decl. (May 23, 2025), ¶ 7. Petitioner "was placed into removal proceedings and issued a Notice to Appear charging him with removability under

8 U.S.C § 1182(a)(6)(A)(i) in that he was present in the United States without admission or parole." *Id*. Thereafter, on May 9, 2021, Petitioner "was released from custody on an order of recognizance." *Id*. ¶ 8. On or around November 2, 2023, an IJ in Boston "administratively closed the Petitioner's removal proceedings." *Id*. ¶ 9.

However, earlier this month, on May 9, 2025, ICE encountered Petitioner, arrested him, and held him without bond. *Id*. ¶ 10. Petitioner "is currently in ICE custody pursuant to 8 U.S.C. § 1226(a) and is currently housed at Plymouth County House of Correction." *Id*. ¶ 5.

On or around May 19, 2025, Petitioner moved in the Immigration Court for a bond redetermination, and the Immigration Court has set Petitioner's bond hearing for May 29, 2025. *Id*. ¶¶ 11, 13. Separately, ICE filed a motion this month in the Immigration Court seeking "to recalendar the Petitioner's previously closed removal proceedings[,]" and that motion is pending. *Id*. ¶ 12.

The Petition asserts a single cause of action challenging Petitioner's arrest and detention as violating the Fifth Amendment's due process clause. Pet. at 2. Petitioner claims that his arrest and detention were "without cause and in violation of his constitutional rights to due process of law," but does not otherwise allege why his arrest and detention are unlawful. *Id*. Petitioner asks the Court to "[d]eclare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment," and "[i]ssue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately." *Id*. at 3.

II.   **LEGAL STANDARD**

It is axiomatic that "[t]he district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Section

2241 of Title 28 of the United States Code provides district courts with jurisdiction to hear federal habeas petitions. It is Petitioner's burden to establish entitlement to a writ of habeas corpus by proving that his custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner.").

### III.    ARGUMENT

#### A.    The Court Lacks Jurisdiction to Review ICE's Initiation of Removal Proceedings

To the extent Petitioner challenges initiation of removal proceedings against him, the Court lacks jurisdiction to consider his claim. Section 1252(g) of Title 8 of the United States Code strips courts of "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by [ICE] to **commence proceedings** … against any alien under this chapter" (emphasis added). Section 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon [certain categories of] prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999). Section 1252(g) plainly applies to decisions and actions to *commence* proceedings that ultimately may end in the execution of a final removal order. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("We construe § 1252(g) . . . to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding.") (all emphasis in original); *Obado v. Superior Ct. of New Jersey Middlesex Cnty.,* No. CV 21-10420 (FLW), 2022 WL 283133, at *4 (D.N.J. Jan. 31, 2022) ("Because [p]etitioner challenges the decision to commence and adjudicate removal proceedings against him, the [c]ourt lacks jurisdiction to direct [respondents] to terminate [p]etitioner's NTA and/or halt his removal proceedings.").

Section 1252(g) further bars district courts from considering challenges to the *method* by which ICE chooses to commence removal proceedings. *See Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016) ("By its plain terms, [§ 1252(g)] bars us from questioning ICE's discretionary decisions to commence removal" and also from reviewing "ICE's decision to take him into custody and to detain him during removal proceedings"); *Saadulloev v. Garland*, No. 3:23-CV-00106, 2024 WL 1076106, at *3 (W.D. Pa. Mar. 12, 2024) ("The Government's decision to arrest [petitioner], clearly is a decision to 'commence proceedings' that squarely falls within the jurisdictional bar of § 1252(g).").

And courts in this district have held that § 1252(g) precludes judicial review of both constitutional and statutory claims that arise from the commencement of removal proceedings. *Candra v. Cronen*, 361 F. Supp. 3d 148, 156 (D. Mass. 2019) (explaining that a petitioner's "attempt to frame his claim in due process language does not change [the] result" that section 1252(g) strips jurisdiction); *Anderson v. Moniz*, No. CV 21-11584-FDS, 2022 WL 375231, at *4 (D. Mass. Feb. 7, 2022) ("Section 1252(g) can serve as a jurisdictional bar even when a petitioner contends that his due-process rights were violated.").

**B.    The Court Lacks Jurisdiction to Review ICE's Arrest and Detention of Petitioner**

Furthermore, 8 U.S.C. § 1226(a) allows detention "pending a decision on whether the alien is to be removed from the United States." *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[The] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process."); *Wong Wing v. U.S.*, 163 U.S. 228, 235 (1896) (holding deportation proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character."); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 32 (1st Cir. 2021) (recognizing that the "prompt execution of removal orders is a legitimate governmental interest

which detention may facilitate.") (cleaned up).  This provision "creates authority for ***anyone's*** arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions…." *Nielsen v. Preap*, 586 U.S. 392, 409 (2019) (emphasis in original).

Moreover, pursuant to 8 U.S.C. § 1226(b), ICE "at any time may revoke a bond or parole authorized under [§ 1226(a)], rearrest the alien under the original warrant, and detain the alien."  Consistent with this statutory authority, the relevant regulation explains that when an alien is released on bond "such release may be revoked at any time in the discretion of [certain immigration officers], in which event the alien may be taken into physical custody and detained."  8 C.F.R. § 236.1(c)(9).  When an alien is taken back into custody, "any outstanding bond shall be revoked and canceled."  *Id.*

And Congress has made clear that ICE's "discretionary judgment regarding the application of [§ 1226] shall not be subject to review."  8 U.S.C. § 1226(e).  In fact, § 1226(e) specifically directs that "[n]o court may set aside any action or decision by [ICE] under this section regarding the detention of any alien or the revocation or denial of bond or parole."  *Id.*  This provision blocks judicial review of ICE's discretionary decisions to arrest and detain aliens subject to 8 U.S.C. § 1226.  *See Demore*, 538 U.S. at 516-17 (indicating that courts may not consider a challenge to "a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [a petitioner's] detention or release").  Instead, Petitioner may request release from an IJ and, if denied, appeal to the Bureau of Immigration Appeals, which provides the process due under the Fifth Amendment.  *See* 8 C.F.R. § 236.1(d)(1)-(3); *Hernandez-Lara*, 10 F.4th at 41 (holding that the government bears the burden of proof at a bond hearing in Immigration Court to comport with due process).

### C. Any Challenge to Petitioner's Removal Must Proceed Administratively Before Appeal to the Circuit Court

Finally, in passing the REAL ID Act, Congress prescribed a single path for judicial review of orders of removal entered through the administrative process: "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); *Gicharu v. Carr*, 983 F.3d 13, 16 (1st Cir. 2020). Per § 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, ***arising from any action taken or proceeding brought to remove an alien from the United States*** . . . shall be available only in judicial review of a final order under this section" (all emphasis added). *See also* 8 U.S.C. § 1252(a)(2)(D) (providing that a circuit court can consider "constitutional claims or questions of law" in the petition for review); *Gicharu*, 983 F.3d at 16 ("Adding belt to suspenders, section 1252(b)(9) strips federal courts of jurisdiction to decide legal and factual questions arising from an alien's removal in any other context, ***including on a petition for a writ of habeas corpus***.") (emphasis added).

Thus, Congress, channeled to the courts of appeals both challenges to a removal decision as well as challenges to the removal process. *Aguilar v. U.S. Immigr. & Customs Enf't*, 510 F.3d 1, 9 (1st Cir. 2007) (explaining that § 1252(b)(9) "was designed to consolidate and channel review of *all* legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals") (emphasis in the original). The First Circuit has described the expanse of § 1252(b)(9) as "breathtaking" and "vise-like." *Id*. In passing this provision, "Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings." *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the petition for lack of jurisdiction.

Dated: May 23, 2025

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3170
julian.canzoneri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on May 23, 2025.

*/s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney